UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF MAZOVIA | * | NO. 23-1130 |
| INVESTMENTS INC., AS OWNER, | * | |
| V.SHIPS ASIA GROUP PTE. LTD., | * | SECTION |
| AS TECHNICAL MANAGER, V.SHIPS | * | |
| INDIA PVT. LTD., AS CREW MANAGER, | * | |
| AND  INTEROCEAN TRANSPORTATION | * | |
| INC., AS COMMERCIAL MANAGERS | * | |
| OF THE M/V SIROCCO, PETITIONING | * | JUDGE |
| FOR EXONERATION FROM | * | |
| OR LIMITATION OF LIABILITY | * | MAG. |
| * * * * * * * * | | |

**VERIFIED COMPLAINT IN LIMITATION**

The Verified Complaint in Limitation of Mazovia Investments Inc., as owners, V.Ships Asia Group Pte. Ltd., as technical manager, V.Ships India Pvt. Ltd., as crew manager, and Interocean Transportation Inc., as commercial managers, of the M/V SIROCCO (collectively, "Petitioners"), in a cause of exoneration from or limitation of liability, civil and maritime, within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to 28 U.S.C. § 1333, 46 U.S.C. § 30501, *et seq.*, Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Admiralty Rules"), alleges upon information and belief, as follows:

1.

At all times material hereto, Mazovia Investments Inc. ("Mazovia") was and is a foreign corporation organized and existing under and by virtue of the laws of Panama, with its principal place of business in Panama City, Panama, and is the owner of the M/V SIROCCO (sometimes referred to herein as "the Vessel").

2.

At all times material hereto, V.Ships Asia Group Pte. Ltd. ("V.Ships Asia") was and is a limited company organized and existing under and by virtue of the laws of Singapore, with its principal place of business in Singapore, and is the technical manager of the SIROCCO.

3.

At all times material hereto, V.Ships India Pvt. Ltd. ("V.Ships India") was and is a limited company organized and existing under and by virtue of the laws of India, with its principal place of business in India, and is the crew manager of the SIROCCO.

4.

At all times material hereto, Interocean Transportation Inc. ("Interocean") was and is a limited company organized and existing under and by virtue of the laws of Panama, with its principal place of business in Panama, and is the commercial manager of the SIROCCO.

5.

The SIROCCO is a bulk carrier bearing IMO number 9603996, with a gross registered tonnage of 43,974, and flagged under the laws of Panama.

6.

At all pertinent times, Petitioners used due diligence to make and maintain the SIROCCO in all aspects seaworthy, and prior to the incident described herein, the SIROCCO was tight, staunch, strong, fully and competently manned, properly equipped and supplied, and in all respects seaworthy and fit for the service in which she was engaged.

7.

On 26 March 2023, at or around 0100 hours, the SIROCCO safely and properly moored at Convent Marine Terminal ("CMT") at or near Mile Marker 161/162 of the Lower Mississippi River to load a cargo of coal, and such loading began at approximately 0300 hours.

8.

Initially, because of the then-prevailing river stage, two hold-in tugs were in position, as required by CMT, to help keep the SIROCCO safely positioned.

9.

On the afternoon of 26 March, vessel personnel were advised that the falling river stage meant that hold-in tugs were no longer required, and so those tugs were released.

10.

The Vessel's crew conducted regular inspections of the mooring lines while berthed. In the early morning hours of 27 March, the mooring ropes began to slip and at least one eventually parted, due to swift river conditions at CMT.

11.

While the Master called for an assist tug when he saw the foregoing issues with the mooring lines, the tug did not make it on scene before the SIROCCO broke away from the CMT dock. After breaking away, the SIROCCO drifted toward the right descending bank and the Ergon Dock. But before reaching the Ergon Dock, a tug, believed to be the SAVANNAH or the SOUTH CAROLINA, prevented the SIROCCO from contacting the Ergon Dock. Thereafter, the SIROCCO began drifting downriver with at least one of those tugs alongside. Shortly thereafter, and with at least one tug alongside, the SIROCCO made contact with a

hopper barge, which in turn allegedly caused some damage to an adjacent crane barge, and the Mosaic Uncle Sam Dock, located at or around Mile Marker 160.

12.

After the allision, the SIROCCO proceeded to the Grandview Anchorage at Mile Marker 147 in the Lower Mississippi River, where she currently still sits.

13.

This Complaint is filed within six (6) months from the date Petitioners first received any notice of a limitable claim.

14.

The aforementioned incident was not due to any fault, neglect or want of care on the part of Petitioners or the SIROCCO or anyone for whom said Petitioners may be responsible. To the contrary, the Master who was in command of the SIROCCO on 27 March 2023 was experienced, well trained and highly competent. The Vessel's breakaway from the CMT dock was an occurrence that could not have been reasonably anticipated and for which Petitioners are not responsible.

15.

The aforementioned incident, and the resulting losses and damages, if any, liability for which is specifically denied by Petitioners, was done, occasioned and occurred without the fault, privity or knowledge of the Petitioners.

16.

As a result of the aforementioned incident, Petitioners have been placed on notice of the following claims and/or alleged damage to date: i) damage to the crane barge GLENN S, crane barge BURNSIDE II, and the hopper barge MEM 5087, owned and/or operated by

Associated Terminals, LLC and Associated Marine Equipment, LLC; and ii) damage to the Uncle Sam dock structure and/or facility of Mosaic,.

17.

In addition, other individuals and/or property or facility owners or operators may bring claims in the future arising out of the aforementioned incident involving the SIROCCO, the sum total of which potentially exceeds the value of the SIROCCO and its freight pending, as outlined below. Petitioners bring this action so that all claims by all interested parties can be promptly and fairly adjudicated in a single forum, consistent with procedures established by Congress, the Federal Rules of Civil Procedure, and this Court. Contemporaneous with the filing of this Petition, Petitioners seek an order from this Court establishing a period of time within which any interested party may file a claim for damages so that the final adjudication of this matter may proceed expeditiously under the Court's supervision.

18.

Venue is proper in this judicial district pursuant to Rule F(9) of the Supplemental Admiralty Rules because the SIROCCO has not been attached or arrested, the incident happened on the Mississippi River in this district, and the alleged physical damage occurred in this district.

19.

At the time of the incident, the SIROCCO was on time charter at a charter rate of $6,250 per day and was almost completed loading her cargo which is to be discharged in Huasco, Chile, with an estimated date for completion of discharge of that cargo on 21 April 2023, which will be the conclusion of its current 25-day anticipated voyage. Thus, the total hire, or pending

freight, for the voyage in question was ONE HUNDRED FIFTY-SIX THOUSAND TWO HUNDRED FIFTY AND 00/100 ($156,250.00) UNITED STATES DOLLARS.

20.

The attached Vessel Valuation from Paul Willcox of CW Kellock & Co. Ltd., dated 29 March 2023, shows the SIROCCO had a value of not more than TWENTY-TWO MILLION AND 00/100 ($22,000,000.00) UNITED STATES DOLLARS at the time of the incident.[1] Petitioners reserve the right to supplement and amend this paragraph as further facts are developed.

21.

As a result of the aforementioned incident, the Vessel sustained damage to her hull and gangway, and the current estimated cost related to the repairs for that damage is FOUR HUNDRED THIRTY-ONE THOUSAND SIX HUNDRED EIGHTY-THREE AND 00/100 ($431,683.00) UNITED STATES DOLLARS. Petitioners reserve the right to supplement and amend this paragraph as further facts are developed.

22.

Petitioners' interest in the M/V SIROCCO, based on the attached Valuation Report from CW Kellock & Co. Ltd., plus her freight pending, less the estimated costs related to the repair of the damage sustained by the Vessel as a result of the aforementioned incident, does not exceed the maximum sum of TWENTY-ONE MILLION SEVEN HUNDRED TWENTY-FOUR THOUSAND FIVE HUNDRED SIXTY-SEVEN AND 00/100 ($21,724,567.00) UNITED STATES DOLLARS.

---

[1] *See* Valuation, attached hereto as Exhibit A.

23.

Petitioners herewith submit for Court approval, as security for the benefit of all potential claimants, a Letter of Undertaking from The Standard Club UK Ltd. in the sum of $21,724,567.00, plus interest at six percent (6%) per annum from the date of said Letter of Undertaking, said sum representing the total value of the SIROCCO and her appurtenances, plus freight pending and minus the estimated repair costs.[2]

24.

Petitioners claim exoneration from and limitation of liability from any and all injuries, deaths, losses, or damages occurring as a result of the aforementioned incident and for any and all claims therefor. Petitioners maintain they have valid defenses thereto on the facts and on the law, and further allege that the incident occurred without the privity and knowledge of Petitioners. Alternatively, Petitioners, without admitting but affirmatively denying all liability, claim the benefit of the Limitation of Liability provided for in 46 U.S.C. § 30501, *et seq.*, and, to that end, Petitioners herewith deposit into the registry of the Court, as security for the benefit of all potential claimants, the aforementioned Letter of Undertaking.

25.

Should the Petitioners be found liable and the amount or value of Petitioners' interests in the SIROCCO, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum represented by the Letter of Undertaking, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the

---

[2] *See* Letter of Undertaking, attached as Exhibit B.

Supplemental Admiralty Rules, the General Maritime Law, and by the rules and practices of this Honorable Court.

26.

All and singular the premises of this Complaint for Exoneration from or Limitation of Liability are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court, and within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioners, Mazovia Investments Inc., V.Ships Asia Group Pte. Ltd., V.Ships India Pvt. Ltd., and Interocean Transportation Inc., pray that:

1. This Court issue an Order approving the Letter of Undertaking submitted to the Court by Petitioners as security for the amount or value of their interest in the M/V SIROCCO;

2. This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Petitioners a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Petitioners an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

3. This Court enjoin the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Petitioners, their officers, and underwriters, and/or against the SIROCCO, her officers,

crew, and underwriters, or against any employee or property of Petitioners except in this action, to recover damages for or in respect of any loss, damage, injury or deaths occasioned or incurred as a result of the aforesaid accident;

      4.      This Court adjudge, after due proceedings, that Petitioners are not liable to any extent for any injuries, losses, deaths or damages occurring as a result of the accident, or for any claim therefor in any way arising out of or resulting from the aforesaid accident;

      5.      Alternatively, if Petitioners shall be adjudged liable, then such liability shall be limited to the amount or value of Petitioners' interest in the SIROCCO, as aforesaid, at the time of the accident, that Petitioners be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinafter prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging the Petitioners and their underwriters from all further liability; and

      6.      Petitioners have such other and further relief as may be just and appropriate under the circumstances.

    Respectfully submitted,

    **MURPHY, ROGERS, SLOSS,**
    **GAMBEL & TOMPKINS**

    */s/ Peter B. Tompkins*
    Peter B. Tompkins, T.A. (#17832)
    ptompkins@mrsnola.com
    Peter B. Sloss (#17142)
    psloss@mrsnola.com
    Timothy D. DePaula (#31699)
    tdepaula@mrsnola.com
    John H. Musser, V (#22545)
    jmusser@mrsnola.com
    Tarryn E. Walsh (#36072)
    twalsh@mrsnola.com
    701 Poydras Street
    Suite 400, Hancock Whitney Center
    New Orleans, LA 70139
    Telephone: (504) 523-0400
    Fax: (504) 523-5574

    *Attorneys for Mazovia Investments Inc.,*
    *V.Ships Asia Group Pte. Ltd., V.Ships India Pvt.*
    *Ltd., and Interocean Transportation Inc.*

4853-3752-7898, v. 1