# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF MAZOVIA INVESTMENTS INC., AS OWNER, V. SHIPS ASISA GROUP PTE. LTD., AS TECHNICAL MANAGER, V. SHIPS INDIA RVT. LTD., AS CREW MANAGER, AND INTEROCEAN TRANSPORTATION INC., AS COMMERCIAL MANAGERS OF THE M/V SIROCCO, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO: 23-1130<br><br>DISTRICT JUDGE JAY C. ZAINEY - SECTION A<br><br>MAGISTRATE JUDGE KAREN WELLS ROBY – DIVISION 4 |

## CONSENT MOTION FOR LEAVE TO FILE OUT-OF-TIME ANSWER, AFFIRMATIVE DEFENSES AND CLAIM IN LIMITATION

**NOW INTO COURT,** through undersigned counsel, comes Claimant in Limitation Raven Energy, LLC ("Raven"), and, with the consent of Mazovia Investments Inc., as owner, V.Ships Asia Group Ptd. Ltd., as technical manager; V.Ships India Pvt. Ltd., as crew manager; and Interocean Transportation Inc. as commercial managers, of the M/V SIROCCO (collectively, "Limitation Petitioners"), seeks leave of Court to file beyond the Court-ordered monition date of July 1, 2023 (*see* Rec. Doc. 3) the attached Answer and Affirmative Defenses to the Limitation Complaint, and Claim in Limitation, in response to the Verified Complaint in Limitation (Rec. Doc. 1) ("Limitation Complaint"), filed by the Limitation Petitioners; and for good cause shows as follows:

### 1.

Raven acknowledges that this Answer and Affirmative Defenses and Claim in Limitation is being filed beyond the Court's monition date of July 1, 2023 (*see* Rec. Doc. 3).

### 2.

Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims provides that the "[C]ourt may enlarge the time within which claims may be filed" in response to a limitation complaint (i.e. extend the monition date "[f]or cause shown";[1] and the United States Court of Appeals for the Fifth Circuit has adopted a broad policy in favor of allowing late-filed claims in the interests of justice and in the absence of prejudice:

> In *Texas Gulf* [*Sulphur Company v. Blue Stack Towing Co.,* 313 F.2d 359 (5th Cir.1963)], Judge Brown established the framework for this Circuit to guide district courts in exercising their discretion to allow or refuse late claims. Citing a limitation of liability proceeding's short limitation period and lack of formal process, we "readily accept[ed]" an "equitable" principle concerning late claims: "so long as the limitation proceeding is pending and undetermined, and the rights of the parties are not adversely affected, the court will freely grant permission to file late claims ... upon a showing of the reasons therefore." *Id.* at 362-63. Thus a district court ruling on a motion to file a late claim, should consider (1) whether the proceeding is pending and undetermined, (2) whether granting the motion will adversely affect the rights of the parties, and (3) the claimant's reasons for filing late.[2]

**3.**

In this matter, the proceeding remains (1) pending and undetermined and (2) granting this motion will not adversely affect the rights of the existing parties, insofar as the Limitation Petitioners have consented to its filing; Raven's Claims in Limitation are derivative of existing claims by other Claimants in this limitation proceeding; and Raven's Claims in Limitation (although procedurally required viz. the Limitation Petitioners' claim for exoneration from/limitation of liability) are effectively the same claims asserted in Raven's Counterclaim, Cross-Claims, and Third-Party Claim (Rec. Doc. 22).

**4.**

---

[1] Fed. R. Civ. P. Supp. Rules for Admiralty or Maritime Claims, Rule F(4).

[2] *Golnoy Barge Co. v. M/T SHINOUSSA*, 980 F.2d 349, 351 (5th Cir. 1993).

As for the third element, Raven's Claim in Limitation is being filed out of time because Raven was not made a party to these limitation proceedings until long after the monition date, specifically on November 14, 2023 when the Limitation Petitioners tendered Raven as a defendant pursuant to Rule 14(c) (Rec. Docs. 11 and 12, as amended on November 17, 2023 by Rec. Docs. 13 and 14, respectively); and Raven had no claim to assert in this limitation proceeding until it was so tendered (viz. its contractual indemnity claims back against the Limitation Petitioners with respect to the tendered claims).

**5.**

Finally, as noted at the outset, the Limitation Petitioners have consented to Raven's out-of-time filing of this Answer and Affirmative Defenses and Claim in Limitation, and Raven will be prejudiced in the event its Claim in Limitation - <u>necessarily</u> filed after the monition date (because it was not tendered as a defendant, which event gave rise to its claims, until after the monition date) - is disallowed.

**WHEREFORE,** for good cause shown above, and given the consent of the Limitation Petitioners, Raven urges the Court to grant its instant Motion for Leave and to issue the attached Order directing the Clerk of Court to file into the Record in this matter Raven's attached Answer and Affirmative Defenses to the Limitation Complaint and Claim in Limitation in response to the Verified Complaint in Limitation (Rec. Doc. 1).

Respectfully Submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL &. BERKOWITZ, P C**

By: _/s Christopher M. Hannan_
Christopher M. Hannan (LA Bar No. 31765)
channan@bakerdonelson.com
Christopher O. Davis (LA Bar No.4722)
codavis@bakerdonelson.com
Brian M. Ballay (LA Bar No. 29077)
bballay@bakerdonelson.com
Lauren E. Burk (LA Bar No. 34470)
lburk@bakerdonelson.com
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR THIRD-PARTY DEFENDANT, RULE 14(C) DEFENDANT, COUNTERCLAIMANT, CROSS-CLAIMANT AND THIRD-PARTY CLAIMANT RAVEN ENERGY, LLC**